# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOY LARSON and ROGER DOLE,<br><br>Plaintiffs,<br><br>v.<br><br>DOUGLAS P. PAYNE,<br><br>Defendant. | Case No. 2:18-cv-00375-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's motion for summary judgment and motion to strike. Plaintiffs Joy Larson and Roger Dole, who have appeared pro se, have sued Defendant Douglas Payne, a Magistrate Judge for the First Judicial District of the State of Idaho, claiming he violated Plaintiffs' constitutional rights. Payne argues that he is entitled to judgment as a matter of law on the grounds of judicial immunity, lack of jurisdiction, and abstention. Payne contends also that Roger Dole lacks standing to sue.

The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court

**MEMORANDUM DECISION AND ORDER - 1**

conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. The hearing set for March 21, 2019, will be vacated. Dist. Idaho L. Rule 7.1(d). Having carefully considered the record and relevant authority, the Court will grant Defendant's motion for summary judgment, and will deny the related motion to strike as moot.[1]

## FACTS

Plaintiffs filed the Complaint against Payne on August 24, 2018. A 15-page Affidavit with Exhibits A – L[2] accompanied the two-page complaint. Plaintiffs state they "bring this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to us by the First, Fifth, Fourth, Eighth, Ninth and Fourteenth Amendments of the Federal Constitution," and name Payne as the only defendant. Plaintiffs allege that, while Payne was acting as a Judge for the county of Benewah, he acted "unconstitutionally or outside of his jurisdiction." Plaintiffs allege that the "wrong began on July 19, 2017, and continues to this day." They seek an injunction "commanding defendant to restore [their] rights; and return what is lawfully ours Our children E.S. and C.S." They also seek damages in the amount of $1,000,000.00.

Payne filed a motion for summary judgment on December 27, 2018, and a motion to strike directed at Plaintiffs' affidavit. The Court conducted a telephonic scheduling

---

[1] All parties have consented to the jurisdiction of a United State Magistrate Judge to enter final orders in this case. (Dkt. 12.)
[2] The Affidavit and accompanying exhibits are filed under seal because they disclose personal information about Joy Larson's minor children.

**MEMORANDUM DECISION AND ORDER - 2**

conference on January 8, 2019, staying discovery until resolution of the pending motions. Plaintiffs did not file a response to the motions.[3] The Court finds the following facts undisputed.

Defendant Douglas Payne is a Magistrate Judge for the First Judicial District of the State of Idaho. His chambers are in St. Maries, Idaho, and he serves Benewah County.

As part of his official duties, Judge Payne handles Child Protective Proceedings for Benewah County. On June 22, 2017, Payne was the magistrate judge assigned to handle a Benewah County Child Protective Proceeding identified as Benewah Case No. CV-2017-225, which involved the minor children of Plaintiff Joy Larson. Plaintiff Roger Dole became the children's step father upon his marriage to Ms. Larson. The parties to the Child Protective Proceeding included minor children EMS and CMS, and the children's biological parents, Joy Larson and Jeremy Shuman.

The proceedings were initiated upon the filing of a petition by Brian Thie, the Benewah County Prosecutor, on June 22, 2017. Aff. of Payne Ex. A. (Dkt. 17-1.) Judge Payne conducted hearings and issued orders related to Case No. CV-2017-225, beginning June 22, 2017, through and including November 21, 2018.

On June 23, 2017, Joy Larson was personally served with the following: (1) Order appointing Guardian Ad Litem; (2) Notice of Hearing and Summons; (3) Petition Under

---

[3] Plaintiffs were provided with the Notice to Pro Se Litigants of the Summary Judgment Rule Requirement on December 28, 2018. (Dkt. 19.) The Court also advised Plaintiffs of the summary judgment requirements during the telephonic scheduling conference.

**MEMORANDUM DECISION AND ORDER - 3**

Child Protective Act; and (4) Affidavit in Support of the Protective Supervision. An adjudicatory hearing was set for July 19, 2017. Aff. of Payne Ex. B, C. (Dkt. 17-1, 17-2.)

At the hearing conducted on July 19, 2017, the following individuals appeared: prosecuting attorney Brian Thie; Jeremy Shuman, represented by counsel; Samantha Ellis, a representative from Health and Welfare; and Sue Sottin, a CASA worker. Joy Larson did not attend the hearing. Aff. of Payne Ex. D. (Dkt. 17-3.)

Based on the evidence presented at the hearing on July 19, 2017, Judge Payne issued Findings of Fact, Conclusions of Law, and Order for Legal Custody. The court's findings of fact included a finding that the minor children had been neglected, and that their continued residence in either of the homes of their biological parents, Larson and Shuman, would be contrary to the welfare of the children. Accordingly, Judge Payne ordered that the minor children be placed in the legal custody of the Department of Health and Welfare for an indeterminate period not to exceed the eighteenth birthday of each child. *Id.*

On August 16, 2017, Joy Larson, through her attorney, filed a motion and affidavit to set aside the court's July 19, 2017 order. Larson testified in her affidavit that she received copies of the documents served upon her on June 23, 2017. However, she requested another opportunity to present evidence and argument against the removal of her children from her custody. Aff. of Payne Exs. E, F. (Dkt. 17-4.)

On August 16, 2017, the matter came before Judge Payne for a case plan hearing. Joy Larson was present with her attorney. Based upon the pleadings, evidence presented and arguments of counsel, Judge Payne denied Larson's motion to set aside his July 19,

**MEMORANDUM DECISION AND ORDER - 4**

2017 order. Judge Payne also approved the case plan, which plan sought reunification, or if unsuccessful, adoption of the minor children. Aff. of Payne Ex. G. (Dkt. 17-5.)

On September 27, 2017, Larson, through her attorney, appealed the court's August 16, 2017 order denying the motion to set aside the Findings of Fact, Conclusions of Law and Order for Legal Custody, and the Order Approving Case Plan. Aff. of Payne Ex. H. (Dkt. 17-5.)

In October of 2017, Judge Payne held a hearing on Larson's attorney's motion to withdraw as legal counsel.[4] Judge Payne granted the motion and issued an order permitting Larson's attorney to withdraw as her attorney of record. Aff. of Payne Ex. I. (Dkt. 17-5.)

On December 6, 2017, a review hearing was held in Case No. CV-2017-225. Joy Larson attended the hearing, as did the prosecuting attorney, a representative from the Department of Health and Welfare, and a CASA representative. Upon the conclusion of the proceedings, Judge Payne issued an order that the children remain in the custody of the Department of Health and Welfare. Aff. of Payne Ex. J. (Dkt. 17-6).

Larson did not prosecute her appeal of the August 16, 2017 Order to the District Court. On December 26, 2017, the District Court dismissed Larson's appeal for failure to prosecute. Aff. of Payne Ex. K. (Dkt. 17-6.)

---

[4] Larson's attorney testified in his affidavit in support of the motion for leave to withdraw that his relationship with Larson had broken down. Specifically, "Ms. Larson refuses to follow my advice. Yesterday, she accused me of 'malpractice' and of colluding with the prosecuting attorney. She threatened to report me to the State Bar." (Dkt. 17-5 at 13.)

**MEMORANDUM DECISION AND ORDER - 5**

The court held review hearings in Case No. CV-2017-225 on February 28, 2018, May 23, 2018, August 23, 2018, and November 21, 2018. Larson, the prosecuting attorney, a representative from the Department of Health and Welfare, and a CASA representative attended all four hearings. Aff. of Payne Exs. L, M, N, O. (Dkt. 17-6 – 17-9.) At the November 21, 2018 evidentiary hearing, Judge Payne issued an order that it was in the best interest of the minor children to remain the custody of the Idaho Department of Health and Welfare. *Id.* Ex. O. (Dkt. 17-9.)

The next status hearing was scheduled for December 21, 2018. Judge Payne continues to preside over Case No. CV-2017-225. *Id.* ¶ 22 and Ex. O.[5]

Plaintiffs' affidavit attached to the Complaint mentions others involved in the case, including Samantha Ellis, Cami Wilde, Deputy Mike Richardson, Deputy Colton Wynn, Deputy Anthony Peterson, and Prosecuting Attorney Brian Thie. Judge Payne, in his capacity as Magistrate Judge, did not hire these individuals and does not supervise them. *Id.* ¶ 23.

## ANALYSIS

1.  **Summary Judgment Standard**

    Federal Rule of Civil Procedure 56 provides, in pertinent part, that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the

---

[5] Payne did not submit a supplemental affidavit concerning the proceedings scheduled for December 21, 2018.

governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For summary judgment purposes, an issue must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation; an issue is "genuine" if it must be established by "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.3d 461, 464 (1st Cir. 1975) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)); *see also British Motor. Car Distrib. v. San Francisco Auto. Indus. Welfare Fund*, 883 F.2d 371, 374 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, a court does not make findings of fact or determine the credibility of witnesses. *See Anderson*, 477 U.S. at 255. Rather, it must draw all inferences and view all evidence in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008).

2.  **Section 1983 Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### A. Judicial Immunity

Defendant Payne contends the Complaint must be dismissed because he is entitled to judicial immunity. Plaintiffs contend Payne violated their rights to due process by entering the orders removing the minor children from Larson's home.

It is a longstanding rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *see also Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922–23 (9th Cir. 2004) (citations omitted). Judicial immunity is overcome in two sets of circumstances: 1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity and 2) a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations and quotations omitted). Thus, a judge "is immune from § 1983 liability as long as his [or her] 'ultimate acts' were 'judicial actions taken within the court's subject matter jurisdiction.'" *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc).

Here, the challenged acts are normal judicial functions that occurred in open court concerning a child custody case pending before Judge Payne and involved Larson's minor children. Conducting child custody proceedings, and issuing orders concerning the best interests of the children, are acts that are wholly judicial in nature and function. *See James v. Adams County*, No. CV 04-429-S-EJL, 2006 WL 538855, at *4 (D. Idaho Mar. 3, 2006) (setting forth factors to consider for determining acts judicial in nature and function). Judges have the authority to conduct evidentiary hearings, and issue orders

**MEMORANDUM DECISION AND ORDER - 8**

concerning legal custody of minor children under the Idaho Child Protection Act, Idaho Code § 16-1603. *See also* Idaho Juvenile Rule 41 (governing adjudicatory hearings under the Child Protection Act).

Because Payne's actions were taken in the context of judicial proceedings within his jurisdiction, he is entitled to judicial immunity against the Section 1983 claim raised in this matter. The motion for summary judgment will therefore be granted.

### B. Jurisdiction

Plaintiffs appear also to claim that the minor children were wrongfully taken from Larson and her husband because of Payne's custody orders. However, a federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though ... the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id*. at 486 (internal citation omitted). The Rooker–Feldman doctrine prohibits district courts from exercising jurisdiction over an appeal, reversal, or modification of a state-court judgment. Such federal jurisdiction is lodged exclusively with the U.S. Supreme Court. 28 U.S.C. § 1257. The doctrine is "confined to cases ... brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments*." Exxon Mobil Corp. v. Saudi Basic Indus*., 544 U.S. 280 (2005).

**MEMORANDUM DECISION AND ORDER - 9**

Larson's challenge to the removal of her children from her custody amounts to a request for review of the decisions of an Idaho state court. The proper venue for such a challenge is in the state court with jurisdiction to hear appeals from the trial court. The Court notes that Larson filed an appeal of Judge Payne's August 16, 2017 order, although the appeal was dismissed for failure to prosecute.

Further, in the area of family law, the United States Supreme Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) (concluding that "domestic relations are preeminently matters of state law"). "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 13 (2004).

The Court finds that it lacks subject matter jurisdiction to proceed on this claim, due to the nature of the remedies Plaintiffs seek, the prior existence of state proceedings directly parallel to these, and the family law nature of the action. *Beard v. Washington*, No. CV-07-194-N-BLW, 2007 WL 4532248, at *4 (D. Idaho Dec. 17, 2007).

3.  **Defendant's Motion to Strike**

Federal Rule of Civil Procedure 56(c) governs the procedures that the parties must comply with to support or dispute a motion for summary judgment. A party "may object that the material cited to support or dispute a fact cannot be presented in a form that

**MEMORANDUM DECISION AND ORDER - 10**

would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). An affidavit is an acceptable form in which to present evidence in the summary judgment context. However, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Rule 56 makes it clear that only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *see also* Fed. R. Civ. P. 56(c). However, in determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F .3d 1032, 1036–37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id*. (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).

Counsel for Defendant Payne filed a motion to strike, requesting that the Court strike the entirety of Plaintiffs' affidavit submitted with the Complaint. In particular, Payne argues that the affidavit attached to the Complaint is factually and legally insufficient, and may not be relied upon by Plaintiffs to oppose Payne's motion for summary judgment. Specifically, Payne argues the affidavit contains irrelevant information, conclusory allegations, opinions lacking foundation, and hearsay.

The Court has reviewed the contents of the Affidavit. The Affidavit mentions events, circumstances, and individuals not named in the Complaint. It is replete with

**MEMORANDUM DECISION AND ORDER - 11**

hearsay, conclusory statements, and irrelevant information. Accordingly, the Court determined that none of the evidence therein is material to the Court's decision to grant Defendant's motion for summary judgment. The motion is therefore denied as moot.

## CONCLUSION

For the foregoing reasons, Defendant is entitled to summary judgment. Because the Court finds that it lacks jurisdiction over portions of Plaintiff's complaint, and that Defendant is entitled to absolute judicial immunity, it does not reach Defendant's alternative arguments of abstention and Dole's lack of standing.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion for Summary Judgment (Dkt. 14) is **GRANTED**. All claims against Defendant are dismissed with prejudice.

2) Defendant's Motion to Strike (Dkt. 18) is **DENIED as MOOT** as to Plaintiffs' affidavit attached to the Complaint.

3) A separate judgment will be entered by the Court.

4) The Clerk is directed to close this case.

DATED: February 21, 2019

Honorable Candy W. Dale
United States Magistrate Judge